FILED
United States Court of Appeals
Tenth Circuit

May 10, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT M. LANE,

     Plaintiff - Appellant,

v.

DR. VIKKI L. LANE; MR. BRUCE
GLESBY; MS. MARISA BEUOY;
GRIFFITH & THORNBURGH, LLP,

     Defendants - Appellees.

No. 15-8092
(D.C. No. 2:15-CV-00061-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

     Proceeding pro se, Robert Lane appeals the district court's dismissal of his claims for lack of standing. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

     [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

After Vikki and Robert Lane reached a divorce settlement, Robert[1] filed for bankruptcy. As part of the bankruptcy proceedings, the bankruptcy trustee (the "Trustee") initiated three adversary proceedings to recover assets that Robert had conveyed to affiliated trusts, shell companies, and family members. Eventually, Robert and the Trustee reached a global settlement resulting in the dismissal of the three adversary proceedings. The settlement provided that Robert and his affiliates would turn over all estate property, with certain exceptions, for disposition by the Trustee. Robert also agreed that following execution of the agreement, he

> shall not have any standing to object, join, or otherwise be heard on any matter or proceeding in any pending or future matter in connection with administering [his] Bankruptcy Case; this shall include, but not be limited to, approval of settlements, sale of assets, allowance or payment of administrative expenses, and allowance or payment of claims.

He also agreed that he "shall not have standing or any right to pursue pre-petition claims or causes of action against any third-party or against any creditor in [his] bankruptcy case." However, Robert later interfered with the Trustee's ability to administer the estate by filing various documents in the bankruptcy court and otherwise failed to satisfy his own obligations under the agreement. Accordingly, the bankruptcy court sanctioned him twice for interfering with the Trustee's ability to administer the estate and for failing to satisfy his own obligations.

---

[1] Because Vikki and Robert Lane share the same last name, we refer to them by their first names in this order.

In 2012, Vikki filed a proof of claim in the bankruptcy proceeding for $1,163,894, and, in April 2015, the Trustee filed a settlement agreement in the bankruptcy court to resolve her claim. In response, Robert filed this action in the District of Wyoming against Vikki and her attorneys. Although his complaint seeks damages for false statements and fraud, each claim he advances constitutes a challenge to the resolution of Vikki's proof of claim. Specifically, he alleges fraud because the defendants: (1) filed a "false claim"; (2) asserted that their proof of claim is for child support when in actuality it includes legal fees and other items; (3) claimed a 10% interest rate, rather than the 7% rate he argues is permitted by the U.S. Bankruptcy Court; (4) asked for penalties for past due child support even though California waives penalties for unemployed individuals; (5) claimed a spousal support buyout "when there was none"; (6) failed to properly account for certain payments; (7) requested legal fees that the court had not awarded and that were contrary to a prenuptial agreement; and (8) conspired to make false statements in an attempt to obtain bankruptcy assets. He also alleges that attorney-defendants' law firm failed to properly supervise them by allowing them to participate in the alleged fraud. In his complaint, Robert acknowledges that he only pursued this action in the district court because "[a]lthough this matter would normally be a bankruptcy court proceeding, Robert's lack of standing in the bankruptcy court requires this matter to be brought in U.S. District Court."

The defendants moved to dismiss Robert's complaint. While the motion was pending, the bankruptcy court approved the proposed settlement between Vikki and

the Trustee allowing her to claim $895,015. The defendants filed a supplemental memorandum, asserting that the settlement rendered the district court proceeding moot, and advancing a res judicata defense. The district court granted the motion to dismiss, concluding that Robert did not have standing because he waived standing in the global settlement agreement, and even if he had not waived the issue, the claims he asserted rightfully belong to the Trustee. The district court order did not discuss mootness or res judicata. This appeal followed.

## II

The district court determined it did not have subject matter jurisdiction because Robert lacked standing.[2] We review the district court's determination regarding subject matter jurisdiction de novo. Niemi v. Lasshofer, 770 F.3d 1331, 1344 (10th Cir. 2014). As the party invoking federal jurisdiction, Robert bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). To meet his burden, he must show an "injury in fact." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013). And "each element must be supported in

---

[2] The district court dismissed for lack of Article III standing. In the bankruptcy context, we often apply a prudential standing requirement that "is more stringent . . . than the case or controversy standing requirement of Article III." In re C.W. Mining Co., 636 F.3d 1257, 1260 n.5 (10th Cir. 2011) (quotation omitted). Under Article III, a cognizable injury "need not be financial and need only be fairly traceable to the alleged illegal action." In re Alpex Comput. Corp., 71 F.3d 353, 357 n.6 (10th Cir. 1995) (quotation omitted). In contrast, in the bankruptcy context an appellant must be a "person aggrieved" to have prudential standing, as discussed infra. Id. However, the distinction is immaterial in the matter before us: the only injury Robert advances is a financial injury that would allegedly result from payment of Vikki's claim. Thus, if Robert's alleged injury is insufficient to show standing under the prudential "person aggrieved" standard, see infra, he also fails to show standing under the jurisdictional Article III standard.

4

the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. At the pleading stage, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

We agree with the district court that Robert lacks standing.[3] Each of his claims alleges that Vikki's claim on the bankruptcy estate was fraudulent in some way. Claims of fraud against a bankruptcy estate "are statutory causes of action belonging to the trustee, not to the bankrupt, and the trustee asserts them for the benefit of the bankrupt's creditors, whose rights the trustee enforces." Allegaert v. Perot, 548 F.2d 432, 436 (2d Cir. 1977). The debtor is not injured by such alleged fraud because, "[u]nless the estate is solvent and excess will eventually go to the debtor, or unless the matter involves rights unique to the debtor, the debtor is not a party aggrieved by orders affecting the administration of the bankruptcy estate." In re Weston, 18 F.3d 860, 863-64 (10th Cir. 1994). Robert's argument to the contrary

---

[3] Even if Robert demonstrated standing, his complaint amounts to an attempt to circumvent the bankruptcy court proceedings. "It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decision are to be respected." Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995) (quotation omitted). Thus, if Robert believes the decisions of the bankruptcy court are improper, the proper venues to challenge those decisions are the bankruptcy court and a federal district court or a bankruptcy appellate panel through a direct appeal. Id.; see also 28 U.S.C. § 158. Robert instead agreed not to object in the bankruptcy proceedings. His attempt to collaterally attack those proceedings "cannot be permitted . . . without seriously undercutting the orderly process of law." Celotex, 514 U.S. at 313.

rests on his bare conclusory assertions that if Vikki's claim was not paid, the money would "otherwise be his."[4]  These conclusory statements are not sufficient to demonstrate an injury to support standing to challenge the administration of the bankruptcy estate.[5]

## III

The district court's dismissal for lack of standing is **AFFIRMED**.  Robert's motion to proceed in forma pauperis is **DENIED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge

---

[4] In contrast to these bare assertions is Robert's own concession that he lacks standing in the bankruptcy proceedings.  In particular, he agreed that he "shall not have any standing to object, join, or otherwise be heard on any matter or proceeding in any pending or future matter in connection with administering [his] Bankruptcy Case; this shall include . . . approval of settlements . . . and allowance or payment of claims."  We reject Robert's contention that his complaint does not concern the bankruptcy court's approval of settlements and allowance or payment of claims.  To the contrary, the claims brought in this action fall squarely within the scope of his concession in the settlement agreement. Our holding finds support in—but does not depend on—this concession.

[5] Robert also argues that the district court abused its discretion by entertaining the defendant's supplemental memorandum in support of the motion to dismiss without allowing Robert to file a reply.  Robert does not convincingly argue that accepting a supplemental memorandum, without more, amounts to an abuse of discretion. See United States v. Nicholson, 983 F.2d 983, 988 (10th Cir. 1993) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion." (quotation omitted)).

6